The Chief Justice
delivered the opinion of the court.*
This is a controversy for land, in which the only questions which occur, relate to the validity and mode of surveying the following entry:
"17th May, 1780—Rice Norvel enters 500 acres—a "bout 4 miles from the ridge between Elkhorn and Licking, "where Bowman’s trace crosses, at a spring on the east "side of the trace, and near the same waters of Licking, "to run on both sides of the trace, including the spring, for "quantity.”
Elkhorn and Licking, the dividing ridge between those streams, and Bowman’s trace, are all incontestably established. On the east side of the trace, about the distance of four miles from the dividing ridge, there is a spring, on the waters of Licking—which is claimed as the one intended by the entry; and there is no other spring delineated on the connected plat; nor does the proof in the cause shew that at the date of the entry there was any other on the east side of the trace after passing the ridge in the direction towards Licking, within less than 5 or 6 miles. On the contrary, the negative proof strongly evinces that there was no other known to exist within that distance. But this spring is abundantly proven in the cause to have been generally known and called by the name of Lee’s Lick—and it is contended that the omission to call for it by that name is a fatal defect in the entry.
Where an object is known to many by one name, and to very few by another, an entry calling for it by the latter would, no doubt, be objectionable. But that does not appear to be the case in this instance. The object claimed, as the one intended by the entry, is indisputably a spring, according to the common and popular use of the term. It rises from the earth and flows in a perennial stream of tran *162 sparent Water. Whether Lee’s lick and the spring are the same thing, or two different things at the same place, cannot be distinctly inferred from the evidence. The latter would seem to be the most probable in itself. But be that as it may, there can be no question but that the spring would be universally recognized by that name, as well by those who knew it by the name of Lee’s lick, as by those who were ignorant of that appellation. It is true that the term “spring” is applicable in common to the one in question, and to all Others, but as there was no other in its vicinity there could be no necessity for giving it a name specifically distinguishing it from others. The objection, that the spring is more than a quarter of a mile from the trace, is sufficiently obviated by the circumstance that it was generally known, and that there was no other which, in point of contiguity to the trace, could be brought into competition with it.
An indeterminate call for distance, coupled with special locative calls has no influence in the construction of an entry, it is only a mean by which the special locative call is to be found; but it has influence in the absence of special locativ calls
An entry at 'a spring on the east side of the trace, to run on both sides of the trace, including the spring, for quantity,” is to be surveyed by including the point mid way between the spring & the trace, in the centre of a square, with lines parallel and at right angles to that part of the road included in the survey
We concur, therefore, with the circuit court, that the entry is a valid one. But we cannot agree with that court in the mode of making the survey. The survey, as directed by the circuit court, is evidently predicated upon the supposition that the call for distance from the dividing ridge is a locative call. But such an indeterminate call for distance has never been adjudged by this court to be a locative call, except in the absence of all other locative calls. In this case it is plainly only intended as a mean to find the other objects of location. Rejecting that call as entitled to no influence in the mode of making the survey, the only remaining calls are “at a spring on the east side of the trace, to run on both sides of the trace, including the spring, for quantity.” The last expression, “for quantity,” we understand as relating equally to the two preceding calls, and of course ought to have the same influence upon each. According to this construction, a point between the trace and the spring, equi-distant from each, should be the centre of the survey, and the lines thereof should be parallel with, and at right angles to, the general course of the trace, so far as it is included in the survey. To all the land in contest which shall be included in a survey as thus made, and as included in the survey as it has been made, the complainant in the circuit court has shewn a better right, find ought to have a decree therefor.
The decree of the circuit court must be reversed with costs, and the cause remanded, that a decree may be enter *163 ed agreeable to the foregoing opinion, and such other orders and decrees made as may be consistent with equity.
Hardin for appellant.

Absent, Judge Rowan.